FILED
SEP 29 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PEGGY PATTERSON, | CIV 16-3041 |
| Plaintiff, | |
| vs. | ORDER RE: MOTION TO DISMISS |
| UNITED STATES OF AMERICA | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Dismiss, Doc. 14, and Plaintiff's Motion for Denial of Defendant's Motion to Dismiss, Doc. 21. For the reasons set forth herein, the Court hereby notifies the Parties that the Court will rule on Defendant's Motion to Dismiss following submission by the parties of materials for the Court's consideration regarding the Court's jurisdiction.

"A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In *Osborn v. United States*, the district court looked to matters outside the pleadings on a motion that it construed as one for dismissal under Rule 12(b)(1). *Osborn v. United States*, 918 F.2d 724, 728 (8th Cir. 1990). On appeal, then, the Eighth Circuit had to address what standard of review governs the district court's determination of a motion under Rule 12(b)(1) when matters outside the pleadings are considered. *Id.* Recognizing that Rule 12 requires Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings, the Court acknowledged that some courts have held that Rule 56 also governs a 12(b)(1) motion under the same circumstances. *Id.* at 729. However, the Eighth Circuit agreed "with the majority of the circuits that have held to the contrary." *Id.*

1

> The reasons for treating a 12(b)(1) motion differently than a 12(b)(6) motion, which is governed by Rule 56 when matters outside the pleadings are considered, "is rooted in the unique nature of the jurisdictional question." It is "elementary," the Fourth Circuit stated, that a district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion.

*Id.* (internal citations omitted). The Court goes on to say,

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* at 730 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Because there is no statutory procedure prescribing an approach to determinations of jurisdiction, "trial courts have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under rule 12(b)(1)." *Johnson*, 534 F.3d at 964 (citing *Land v. Dollar*, 330 U.S. 732, 735 n. 4 (1947) and *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). The Eighth Circuit has found parties have an ample opportunity to be heard through affidavits and briefs. *Id.*

An exception to the court's authority to decide a jurisdictional issue in this manner exists "in instances when the jurisdictional issue is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Osborn*, 918 F.2d at 730 (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986)). In determining whether or not an action falls within an employee's "scope of employment," trial courts rely on state law—in this case, South Dakota law. *See Locke v. United States*, 215 F. Supp.2d 1033, 1042 (D.S.D. 2002) (citing *Primeaux v. United States*, 181 F.3d 876, 878 (8th Cir. 1999)). "Under South Dakota law, the scope of employment inquiry is based upon a foreseeability test that evaluates whether a sufficient nexus exists 'between the agent's employment and the activity which actually caused the injury.'" *Id.* at 1043 (citing *St. John v. United States*, 240 F.3d 671, 676 (8th Cir. 2001)).

In 2008, the question of whether the jurisdictional question of "scope of employment" was intertwined with the merits of the lawsuit came before the Eighth Circuit in *Johnson*. 534

2

F.3d at 963. In *Johnson*, an arrestee brought action against the United States under the Federal Tort Claims Act (FTCA) alleging that a Bureau of Indian Affair's (BIA) correctional officer committed various torts. *Id.* at 960. The BIA's corrections program is distinct from its law enforcement program and correctional officers are to supervise inmates and maintain order within the BIA's detention facilities. *Id.* at 963. They have no authority to make arrests. *Id.* In applying the foreseeability analysis to the alleged actions of the officer, the district court found his actions—namely, throwing the plaintiff to the ground during an arrest and beating him so badly it resulted in a broken collar bone and brain damage that required speech therapy to remedy—outside the scope of his employment. *Id.* at 961, 963. On appeal, when the plaintiff argued that the jurisdictional question was so intertwined with the merits of the lawsuit that the district court could not decide the issue on a 12(b)(1) motion, the Eighth Circuit stated:

> While Johnson is correct that generally, whether an employee's actions are within the scope of their employment is a question of fact, we fail to see how the factual nature of this inquiry somehow renders the jurisdictional issue "so bound up with the merits that a full trial on the merits" is necessary to resolve the issue. Indeed the issue whether Little Light's conduct was within the scope of his employment is unrelated to whether Little Light's conduct was negligent, which is the most important issue on the merits.

*Id.* at 964–65.

Similarly, in the case at hand, the most important issue on the merits is whether or not Mr. Clausen was negligent. Therefore, the Court finds it within its power to resolve the issue of scope of employment raised by the 12(b)(1) motion as it is a jurisdictional issue that calls for resolution at the outset. Accordingly,

IT IS ORDERED:

1. Discovery is permitted by both Parties, limited to the issue of jurisdiction.
2. The Parties shall submit to the Court for its consideration any additional memoranda and affidavits regarding the issue of jurisdiction, to be filed with the Court in accordance with the following schedule:
    a. Defendant's brief: October 12, 2017,
    b. Plaintiff's response: October 26, 2017.

Dated this 29th day of September, 2017.

BY THE COURT:

_(signature)_
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts

BY: _(signature)_
Deputy