
FILED
Jan 11 2018
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PEGGY PATTERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CIV 16-3041<br><br>MEMORANDUM OPINION<br>AND ORDER ON DEFENDANT'S<br>MOTION TO DISMISS and<br>PLAINTIFF'S MOTION FOR<br>DENIAL OF DEFENDANT'S<br>MOTION TO DISMISS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Dismiss, Doc. 14, and Plaintiff's Motion for Denial of Defendant's Motion to Dismiss, Doc. 21. For the reasons set forth in the Court's Order Re: Motion to Dismiss, Doc. 27, the Court notified the parties that the Court would rule on Defendant's Motion to Dismiss following submission by the parties of materials for the Court's consideration regarding the Court's jurisdiction. The Court has considered all filings and for the reasons set forth herein, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Denial of Defendant's Motion to Dismiss is denied.

## FACTUAL BACKGROUND

In July of 2015, Mark Clausen was the Division Bridge Engineer and the Engineering and Operations Team Leader for the Federal Highway Administration (FHWA) of the U.S. Department of Transportation. On a typical day, Clausen would arrive at work around 6:15 a.m., take a 15-minute break at 10:00 a.m., take a 45-minute lunch break at 12:00 p.m., and leave work at 3:00 p.m. At that time, his position did not require much travel, though he would occasionally have meetings outside the office. Bringing items to the post office was not part of his work duties. On July 24, 2015, Clausen states that he told Sheridan Shoemaker, a staff assistant with the FHWA charged with monitoring employees' hours, that he was running an errand and would be right back. Shoemaker states that he didn't say why he was leaving that day, just that he was leaving. She also thought he mentioned he was leaving early because he had a meeting. Shoemaker made herself a note in case

someone called for him because the office supervisor at the time, Virginia Tsu, told her Clausen would not be back. Ultimately, Clausen left work for his morning break and ran a personal errand to the post office to mail a personal letter. Clausen stated that he was on his way back to the office when he turned right at an intersection, running into a pedestrian, Peggy Patterson (Plaintiff), in the crosswalk.

A police officer showed up within minutes of the accident, followed by an ambulance shortly after. At that time, the police officer asked Clausen to pull his truck off to the lot beside the road. After talking with police, Clausen made his way back to the office, grabbed his things, and left for his meeting. The meeting was out of the office at the Department of Transportation and took place either in the very late morning or right around noon that day. Following the meeting, Clausen went home and did not return to the office. Clausen did not call his supervisor to tell her about the accident until later that evening. FHWA uses a web-based travel and expense management tool, to create and track travel authorizations, get approvals, submit vouchers, and receive reimbursements for local travel expenses maintained in the ordinary course of business. Clausen did not submit a voucher for reimbursement of local travel expenses for mileage on his personally-owned vehicle to travel to the post office that day.

## PROCEDURAL BACKGROUND

Plaintiff, Peggy Patterson, brought this current action against the United States of America for negligence under the Federal Tort Claims Act (FTCA). Plaintiff alleges that Clausen, an employee of the FHWA, within the scope of his employment, negligently operated a motor vehicle, injuring Plaintiff. Defendant denies these allegations and maintains that jurisdiction is improper in this Court as Mr. Clausen was not operating within the scope of his employment at the time of the accident and, therefore, the United States has not waived its sovereign immunity. Defendant filed a motion to dismiss on August 17, 2017 pursuant to Fed. R. Civ. P. 12(b)(1). In response, and noting the procedural differences between a 12(b)(1) motion and a 12(b)(6) motion, Plaintiff asserted that Defendant has improperly conflated the 12(b)(1) motion into a 12(b)(6) motion and "is seeking to avoid Rule 56 summary judgment's arduous itemization of a Statement of Undisputed Material Facts" and asked that the Court deny Defendant's motion to dismiss. Further, Plaintiff argued this

Court is "duty-bound to ignore" Defendant's mention of Plaintiff's claim against Clausen's personal automobile insurance company as such evidence is barred by Fed. R. Evid. 408.

The Court determined it is within its power to resolve the issue of scope of employment—a jurisdictional issue—raised by the 12(b)(1) motion as it called for resolution at the outset. Noting its "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under rule 12(b)(1)," the Court permitted discovery by both parties, limited to the issue of jurisdiction, and asked both parties to submit to the Court for its consideration any additional memoranda and affidavits regarding the issue of jurisdiction. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008).

## ANALYSIS

"A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson*, 534 F.3d at 962 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In determining the Court's jurisdiction to hear the case, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff also bears the burden of proving that jurisdiction exists. *See id.*

The Court's jurisdiction under the FTCA depends upon whether a federal employee was acting within the scope of his employment when committing a tort. *See Johnson*, 534 F.3d at 963. Because scope of employment questions are governed by the law of the place where the alleged tort took place, the Court must apply South Dakota law to Clausen's actions. *See id.* "However, FTCA claims are strictly limited to a scope of employment analysis, regardless of state law doctrines of respondeat superior and apparent authority." *Johnson*, 534 F.3d at 963 (citing *St. John v. United States*, 240 F.3d 671, 676 (8th Cir. 2001)).

> Under South Dakota law, the scope of employment inquiry is based upon a foreseeability test that evaluates whether a sufficient nexus exists "between the agent's employment and the activity which actually caused the injury." In addition,

3

> South Dakota has adopted the Restatement (Second) of Agency (1958), including § 229, which focuses on the relationship of the employee's conduct to the employer's business.

*St. John*, 240 F.3d at 676–77 (internal citations omitted) (citing *Leafgreen v. Am. Family Mutual Ins. Co.*, 393 N.W.2d 275, 280 (S.D. 1986); *Deuchar v. Foland Rach, Inc.*, 410 N.W.2d 177, 180 (S.D. 1987)). In determining whether a sufficient nexus exists, the Court considers a number of factors, including:

> (1) whether an employee's act is commonly done in the course of business; (2) the time, place, and purpose of the act; (3) whether the act is within the enterprise of the master; the similarity of the act done to the act authorized; (4) whether the means of doing harm has been furnished by the master; and (5) the extent of departure from the normal method of accomplishing an authorized result.

*Johnson*, 534 F.3d at 963 (citing *Deuchar*, 410 N.W.2d at 180, n. 2). "Generally, the 'act of an employee done to effect some independent purpose of his own is not within the scope of his employment.'" *St. John*, 240 F.3d at 677 (citing *United States v. Lushbough*, 200 F.2d 717, 720 (8th Cir. 1952)). Therefore, an employer is not liable for the acts of his employee when that employee "embarked upon a 'frolic' of his own with no underlying purpose of furthering his master's business." *Primeaux v. United States*, 181 F.3d 876, 880 (8th Cir. 1999) (quoting *Deuchar*, 410 N.W.2d at 180–81).

It is the opinion of the Court that Plaintiff has not met her burden of establishing jurisdiction in this case. It is not in Clausen's job duties to deliver mail, much less personal mail, to the post office. Though he must be able to travel for his job, he does so infrequently and at the time of the accident he was driving a personal vehicle. Clausen did not submit a voucher for reimbursement for work travel, something that the FHWA allows an employee to do for work travel done via personal vehicle. Clausen has continuously stated via multiple affidavits that he told coworkers before he left that he was running an errand and would return shortly. The fact that a coworker cannot definitively state that she remembers he would be returning before his meeting is not enough to establish a dispute of material fact when Clausen's underlying act was done to further an independent purpose of his own. Therefore, the accident did not take place while a federal employee was acting within

4

the scope of his employment and the Court is precluded from exercising jurisdiction over the claim under the FTCA. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Dismiss, Doc. 14, is GRANTED.

2. That Plaintiff's Motion for Denial of Defendant's Motion to Dismiss, Doc. 21, is DENIED.

Dated this 11th day of January, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
         Deputy